**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Ronald HAMILTON, aka Seal
O, Defendant—Appellant.**

**No. 05–50924.**

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 12, 2006.*

Decided Sept. 15, 2006.

Becky S. Walker, Esq., Timothy J. Searight, Esq., Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Yolanda M. Barrera, Esq., Monrovia, CA, for Defendant–Appellant.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

■■■■■■■■■■

Before: WALLACE, MCKEOWN, and WARDLAW, Circuit Judges.

MEMORANDUM **

Ronald Hamilton appeals from the judgment of conviction following his conditional guilty plea to violation of 21 U.S.C. § 841(a)(1), possession with intent to distribute in excess of five kilograms of cocaine. He contends that the district court erred in finding that probable cause existed for the search of his car's trunk, which yielded cocaine. Therefore, he argues that the district court erred in denying his motion to suppress that evidence. A district court's determination of probable cause presents mixed questions of law and fact and is reviewed, de novo. *United States v. Ortiz–Hernandez*, 427 F.3d 567, 573 (9th Cir.2005). Because we agree that, under the totality of the circumstances, probable cause existed to support the warrantless search of the car, we affirm.

Hamilton's conduct preceding his arrest bore substantial similarities to that of known cocaine buyers at the house where he was observed. As with other suspects apprehended during the multi-agency investigation of that house, wiretaps revealed that Hamilton's arrival was preceded by phone calls requesting delivery of cocaine to the house for buyers. Additionally, Hamilton was observed making efforts to obfuscate the rear of his car so that it could not be viewed from the street. Actions "designed to conceal a transfer of something to [a] car" are "suspicious" and may contribute to a finding of probable cause. *United States v. Vizcarra–Martinez*, 66 F.3d 1006, 1012 n. 2 (9th Cir.1995) (as amended); *see also United States v.*

*Pinela–Hernandez*, 262 F.3d 974, 978 (9th Cir.2001).

Immediately after a suspected supplier of cocaine arrived with a backpack, agents witnessed Hamilton's car bobbing in a manner suggestive of something being loaded into his trunk. Like other known purchasers of cocaine at that house, Hamilton drove off shortly after the suspected cocaine was made available to him.

Minor deviations between Hamilton's behavior and the pattern of behavior exhibited by other buyers were not so substantial as to remove him from the realm of suspicious behavior sufficient to establish probable cause. Because Hamilton's conduct was "remarkably similar" to the broader pattern of cocaine trafficking observed at the house, *Vizcarra–Martinez*, 66 F.3d at 1011, and because he also engaged in suspicious activity while at the house, there was a "fair probability" that cocaine would be found in his car and probable cause thus existed, *Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).

Once there was probable cause to believe Hamilton's car contained cocaine, agents could lawfully conduct a warrantless search "of every part of the vehicle and its contents ... that [might have] conceal[ed] the object of the search," including the trunk. *United States v. Ross*, 456 U.S. 798, 825, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982).

It is unclear whether the district court relied on the vehicle code violation as a basis for probable cause for the search, and not merely the stop, of Hamilton's car. Because at least one independent basis for probable cause existed, however, we need not reach this question. *See United States*

*v. Mariscal,* 285 F.3d 1127, 1129 (9th Cir. 2002).

**AFFIRMED.**

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.